IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JAMES M. PUCKETT, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: |
| PREMIUM ASSET SERVICES, LLC, ) | cv-14-359 |
| PLATINUM HOLDINGS, LLC, ) | |
| WORLDWIDE RECOVERY GROUP, ) | |
| LLC, & FICTITIOUS PARTIES A, B, C, ) | |
| & D (being those persons or entities ) | |
| who made or authorized the offensive ) | |
| communications described herein), ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

COMES NOW James M. Puckett, III, by and through his attorney, and avers against the Defendants the following:

## INTRODUCTION

1. This case arises out of the Defendants' deceitful actions related to its efforts to collect an alleged consumer debt from the Plaintiff.

2. Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA"), the Telephone Consumer Protection Act, and constituted tortious conduct according the laws of the State of Alabama.

## PARTIES

3. Plaintiff is a resident citizen of Mobile County, Alabama and is over nineteen years of age.

4. Defendants Premium Asset Services, Worldwide Recovery, and Platinum

Holdings are foreign corporate entities engaged in the business of collecting debts in this state, with their principal places of business located at 2414 South Fairview St, Ste 210, Santa Ana, CA and 2641 Hamner Ave, Suite 209, Norco, CA 92860.

5. Fictitious Defendants A, B, C, & D are individuals, contractors, agents, and/or owners of the other Defendants, and, upon information and belief, the corporate Cefendants are alter egos of the Fictitious Defendants.

6. Plaintiff does not know the real names of the Fictitious Defendants because they have been actively concealed by the corporate Defendants and by the Fictitious Defendants themselves.

7. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

8. Defendants are "debt collectors" according to 15 U.S.C. §1692a(6).

### JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter, and diversity jurisdiction to hear Plaintiff's supplemental claims, as the amount claimed is in excess of $75,000.

10. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

11. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

### FACTUAL ALLEGATIONS

12. At all times relevant to this proceeding, the Defendants were acting in an attempt to collect from the Plaintiff a consumer debt allegedly owed to HSBC.

13. The HSBC account was allegedly incurred for personal use, and was therefore a "debt" as defined by the FDCPA.

14. On or about July 11, 2014, agents of the Defendants began telephoning the Plaintiff, demanding payment of an alleged debt.

15. Between July 11, 2014 and July 31, 2014, the Defendants made at least 5 separate

phone calls to Plaintiff's cellular phone and left several voice messages on Plaintiff's phone.

16. Defendant never had Plaintiff's consent to call his cellular phone.

17. Upon information and belief, Defendant used an automated dialing device to contact the Plaintiff in each of the telephone calls.

18. At all times, the agents of the Defendants were acting within the line and scope of their employment and all of their acts and omissions were made as agents of the Defendants.

19. The agents made a number of false statements to the Plaintiff, including but not limited to:

(a) Stating that the call was being made "to avoid contacting you at CVS."[1]

(b) Stating that the Plaintiff's employer had been contacted.

(c) Stating that a garnishment had been issued, when in fact it had not.

(d) Stating that it had the right to collect the debt, when in fact it did not.

(e) Stating that it had scheduled a "formal verification of employment" on the Plaintiff.

20. All of the above statements were in violation of 15 U.S.C. §1692e.

21. In none of the conversations did the Defendants disclose to the Plaintiff that the calls were about a debt, as required by 15 U.S.C. §1692e(11).

22. On July 11, July 14, July 15, and July 21, the Defendants' agents failed to provide meaningful disclosure of the caller's identity, in violation of 15 U.S.C. §1692d.

23. Due to the changing and duplicitous nature of Defendants' self-identification, it is unclear which of Defendants was taking the offensive actions at any given point.

24. Upon information and belief, both of Defendants are related corporate entities with common ownership, operation, and employees, and at all times relevant hereto, the actions of either should be imputed to the other through an agency relationship.

25. Defendants also failed to provide the Plaintiff with written or oral notification of her rights to dispute the debt or request validation of the debt as required by 15 U.S.C. 1692g.

---

1   The Plaintiff's place of employment is CVS Pharmacy.

26. The alleged debt which the Defendants were seeking to collect was no longer enforceable, due to the expiration of the applicable statute of limitations.

27. The attempt to collect a time-barred debt is an "unfair and unconscionable practice offensive to §1692f. *Kimber v. Federal Financial Corp.* 668 F. Supp 1480 (M.D. Ala. 1987).

28. Defendants' attempts to collect a debt not owed by Mr. Puckett were in violation of 15 U.S.C. §1692f and 1692e.

29. Debt collectors are prohibited from using any false representation to collect a debt. *15 U.S.C. §1692e.*

30. Particularly, false threats of legal action are violations of the Fair Debt Collection Practices Act. *Jeter v. Credit Bureau, Inc., 760 F. 2d 1168 (11th Cir. 1985).*

31. False representations of the imminence of legal action are also illegal. *Pipiles v. Credit Bureau, Inc., 886 F. 2d 22 (2d Cir. 1989).*

### FIRST CLAIM FOR RELIEF: FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

33. As alleged above, Defendants have violated numerous provisions of the FDCPA, including 15 U.S.C. §1692e, 15 U.S.C. §1692f, 15 U.S.C. §1692d, & 15 U.S.C. §1692g.

34. It is a regular tactic of Defendants and their agents to put such severe pressure on people that they will, acting out of fear, send money to the Defendant to avoid the cost, embarrassment, and stress of a nonexistent lawsuit.

35. As a result of Defendants' unlawful conduct, the Plaintiff suffered actual damages, including but not limited to the time and expense of obtaining legal counsel to deal with this, needless anxiety, nervousness, embarrassment, loss of sleep, marital strain, and lost work productivity.

36. Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the Act, Plaintiff's actual damages, statutory damages, court costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

### SECOND CLAIM FOR RELIEF: TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

38. The Telephone Consumer Protection Act (47 U.S.C. §227, *et seq.*) prohibits the commercial use of unsolicited, autodialed telephone calls.

39. Debt collection telephone calls are calls for a commercial purpose, and if they are made using an automatic dialing device without the called party's consent, they violate the TCPA.

40. In this case, the Defendant has made at least five separate telephone calls to the Plaintiff's cellular phone for the purposes of collecting a debt.

41. The Defendant never had the Plaintiff's consent to make any such calls.

42. The calls were troublesome, annoying, deceitful, and caused charges to be made to the Plaintiff's phone.

43. Pursuant to 47 U.S.C. §227(b)(1)(A)(iii), it is illegal to make any call "using any automatic telephone dialing system or an artificial or prerecorded voice –to any telephone number assigned to a...cellular phone service.."

44. A telephone call by the Defendant to the Plaintiff on or about July 11, 2014, in addition to having been made by an automated dialing system, used an artificial or prerecorded voice to leave a message on the Plaintiff's cellular phone.

45. The Defendant knew at all times that it lacked the Plaintiff's consent to contact him on a cellular phone, and it did so anyway.

46. Pursuant to 47 U.S.C. §227(b)(3), the Defendant is liable to the Plaintiff for all actual damages sustained as a result of the calls, or $1500 per violation.

47. Additionally, the Plaintiff is entitled to an Order from this Court enjoining any further phone calls from the Defendant.

### THIRD CLAIM FOR RELIEF: NUISANCE

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above.

49. Defendant's telephone calls were an unwarranted invasion of the Plaintiff's privacy, home life, and personal well-being.

50. Furthermore, as the Plaintiff owed the Defendant no money, the sole purpose and effect of the telephone calls was to harass or abuse the Plaintiff, in the hopes of deceiving him into paying money he did not owe.

51. Ala. Code §6-5-120 defines a "nuisance" as "anything that works hurt, inconvenience, or damage to another," and provides a private right of action for such a nuisance.

52. The Defendants' harassment of the Plaintiff worked harm and inconvenience to

the Plaintiff.

53. Defendants' harassing telephone calls were made willingly and with full knowledge that Defendants lacked the right to collect anything from the Plaintiff, that they had no consent to contact the Plaintiff, and that they were doing so for the sole purpose of harassing the Plaintiff.

54. The Defendants are liable to the Plaintiff for actual damages and punitive damages for their tortious conduct.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

1. **A trial of this matter before a jury of the Plaintiff's peers;**
2. Actual damages arising from the Defendants' violations of the Fair Debt Collection Practices Act;
3. Statutory damages of One Thousand Dollars ($1000) from each of the Defendants for their violations of the Fair Debt Collection Practices Act;
4. Statutory damages of $1,500 per violation for each telephone call made in violation of the Telephone Consumer Protection Act;
5. Actual damages and punitive damages for the nuisances perpetrated on the Plaintiff by the Defendants;
6. Costs and reasonable attorneys fees incurred in bringing this action;
7. For such other, further, and general relief as the Court deems just and proper;

RESPECTFULLY SUBMITTED this the 1st Day of August, 2014

/s/ Judson E. Crump
Judson E. Crump [crumj0512]
Attorney for Plaintiff
250 Congress Street
Mobile, Alabama 36603
251.272.9148.